[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13237
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00372-VMC-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE DEVLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 16, 2020)

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM and JILL PRYOR,
Circuit Judges.

PER CURIAM:

Tyrone Devlin appeals his 116-month total prison sentence for conspiracy to defraud the United States, theft of government property, access-device fraud, and aggravated identity theft.  He argues that the district court exceeded the scope of our mandate, which ordered resentencing without an enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i), when it enhanced his sentence under § 2B1.1(b)(11)(B)(i) on remand.

We review *de novo* whether the district court violated our mandate from a previous appeal.  *United States v. Amedeo*, 487 F.3d 823, 829 (11th Cir. 2007). The mandate rule, which is "simply an application of the law of the case doctrine to a specific set of facts," requires the district court to strictly apply our mandate from a prior appeal.  *Id*. at 830.  The mandate rule applies to our rulings made under the Sentencing Guidelines.  *Id.*  When a district court operates under our mandate, it "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *Id.* (citation and quotation marks omitted).  Accordingly, the district court "must implement both the letter and spirit of the mandate" and take into consideration our opinion and "the circumstances it embraces."  *United States v. Mesa*, 247 F.3d 1165, 1170 (11th Cir. 2001).

A mandate that generally vacates a sentence by default allows for resentencing *de novo*, such as when we vacate a defendant's criminal conviction. *United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010). In contrast, if we issue a limited mandate instructing the district court to perform a particular task, the district court is "restricted in the range of issues it may consider on remand." *United States v. Davis*, 329 F.3d 1250, 1252 (11th Cir. 2003); *see also United States v. Tamayo*, 80 F.3d 1514, 1519-20 (11th Cir. 1996) (holding that the district court could not revisit the entire sentence on remand because we vacated the sentence and remanded only to reconsider a single sentencing issue in light of new precedent).

Here, Devlin argues that our mandate from his last appeal, *United States v. Devlin*, 769 F. App'x 709 (11th Cir. 2019), required the district court to engage in a very limited resentencing of him. In particular, he asserts that our mandate required the district court to recalculate his Sentencing Guidelines range, using all of the figures it previously relied on—and only those figures—except the two-point enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i), which we held that the district court had erroneously applied in Devlin's first sentencing. The government responds that our mandate authorized a new sentencing that allowed it to seek and the district court to impose a sentence based on a newly calculated Guidelines range that figured into it a two-point enhancement under U.S.S.G. § 2B1.1(b)(11)(B)(i)—

3

an enhancement that the government had not sought and the district court had not considered in Devlin's first sentencing.

We need not resolve this dispute. Even assuming that the district court violated the mandate by allowing the government to argue and by itself recalculating Devlin's Guidelines range calculated, in part, including the two-point § 2B1.1(b)(11)(B)(i) enhancement,[1] on this record, any error was harmless. The district court explained that, based on the 18 U.S.C. § 3553(a) considerations, it would have imposed the exact same sentence, even without including the newly added Guidelines enhancement.

Under *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006), "we need not review an issue when (1) the district court states it would have imposed the same sentence, even absent an alleged error, and (2) the sentence is substantively reasonable." *United States v. Goldman*, 953 F.3d 1213, 1221 (11th Cir. 2020). In those circumstances, any error in the Guidelines calculation is harmless. *See id.*

Since the district court noted that it would have imposed the same sentence here, regardless of the Guidelines calculation, we turn to the question of substantive

_____

[1] By not raising it in his brief, Devlin abandoned any argument on appeal that the application of an enhancement under § 2B1.1(b)(11)(B)(i), based on the production of access devices, was inappropriate. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). Consequently, Devlin's only challenge on appeal is whether the district court exceeded the scope of our mandate when it applied that enhancement when resentencing him. Of course, for the same reasons we need not determine whether the district court exceeded our mandate on remand, even had Devlin not abandoned any argument on appeal challenging the applicability of § 2B1.1(b)(11)(B)(i), we would not have needed to resolve that challenge, either.

reasonableness. We review substantive reasonableness for an abuse of discretion. *United States v. Kirby*, 938 F.3d 1254, 1257 (11th Cir. 2019). As the Supreme Court has explained, "The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than . . . the appeals court." *Rita v. United States*, 551 U.S. 338, 357 (2007).

In evaluating the substantive reasonableness of the sentence under a *Keene* analysis, we assume the Guidelines error the defendant alleges and reduce the Guidelines calculation and its corresponding sentencing range accordingly. *Keene*, 470 F.3d at 1349; *United States v. Lozano*, 490 F.3d 1317, 1324 (11th Cir. 2007). Then we evaluate the substantive reasonableness of the sentence actually imposed, in light of the reduced sentencing range. *Keene*, 470 F.3d at 1349.

Here, including the two-point enhancement under § 2B1.1(b)(11)(B)(i), the district court calculated Devlin's offense level at 23. With a criminal-history category of VI, this translated to a Guidelines range of 92 to 115 months' imprisonment, plus 24 months' consecutive imprisonment for the aggravated-identity-theft conviction (for a total sentencing range of 116 to 139 months). If the district court incorrectly included the § 2B1.1(b)(11)(B)(i) enhancement because it violated our mandate to conduct an entirely new resentencing, Devlin's offense level would have been 21. With a criminal-history category of VI, this would have amounted to a Guidelines range of 77 to 96 months' imprisonment, plus the 24-

month consecutive sentence for the aggravated-identity-theft conviction.

Here, the district court sentenced Devlin to 92 months' imprisonment, plus the 24-month consecutive sentence for the aggravated-identity theft conviction, for a total sentence of 116 months' imprisonment. In imposing this sentence, the district court announced that it had considered the § 3553(a) factors and explained its basis for imposing the 92-month sentence. It noted that Devlin's crimes involved "multiple instances of identity theft and access-device fraud." In addition, the court observed that Devlin was found with about 2,000 pieces of others' personal-identification information and numerous debit cards. Roughly 453 tax returns were filed in the names of victims, seeking fraudulent tax refunds. Indeed, Devlin was found with an H&R Block card in his name, loaded with the proceeds of two fraudulently filed tax returns. The district court also emphasized Devlin's lengthy criminal history.

The total 116-month sentence was substantively reasonable. First, as we have explained, the district court adequately accounted for the § 3553(a) factors and explained the basis for its sentence. Second, the sentence of 116 total months' imprisonment fell within the Guidelines range of 96 to 120 months' imprisonment that would be applicable if the district court violated our mandate by imposing the enhancement under U.S.S.G. § 2B1.1(b)(11)(B)(i). We have explained that "[w]e ordinarily expect a sentence within the Guidelines range to be reasonable." *United*

Case: 19-13237    Date Filed: 09/16/2020    Page: 7 of 7

*States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). And third, the district court's sentence was also significantly below the maximum sentence that the district court could have imposed. Indeed, on the theft-of-government-property conviction alone, Devlin faced a statutory maximum term of imprisonment of 120 months (in addition to the mandatory consecutive 24-month term on the aggravated-identity-theft conviction, for a total of 144 months' imprisonment on those two convictions alone). We have held that a sentence substantially below the statutory maximum is also "a consideration favoring reasonableness." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256-57 (11th Cir. 2015).

For all these reasons, even assuming that the district court violated our mandate by considering and imposing an enhancement on resentencing that it had not considered in Devlin's original sentencing, any error was harmless under *Keene*. We therefore affirm the district court's sentence.

**AFFIRMED.**