[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11253

_____

D.C. Docket No. 3:15-cr-00175-TJC-JRK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KYLE ADAM KIRBY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 17, 2019)

Before WILLIAM PRYOR and JILL PRYOR, Circuit Judges, and ROBRENO,[*] District Judge.

WILLIAM PRYOR, Circuit Judge:

_____

[*] Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

This appeal requires us to decide whether the United States Sentencing Guidelines cap an otherwise recommended sentence of life imprisonment at 470 months when the statute of conviction does not allow a sentence of a life term. A jury convicted Kyle Adam Kirby of five counts relating to the production and possession of child pornography. At sentencing, Kirby's total offense level was 43, which means that the Guidelines ordinarily recommended a sentence of a life term. But because the statutory maximum punishment for Kirby's crimes was less than a life term, the district court concluded that the Guidelines recommended consecutive terms of the maximum sentence for each count of conviction. The district court then adopted this recommendation and sentenced Kirby to 1440 months of imprisonment. Kirby argues that the correct sentence is 470 months of imprisonment because the United States Sentencing Commission equates a life sentence to that term for statistical purposes. He also contends that his sentence was substantively unreasonable. We disagree and affirm Kirby's sentence.

## I. BACKGROUND

State and federal law enforcement officers traced 28 video files and 90 images depicting child pornography to the Internet protocol address of Kyle Adam Kirby, a sergeant with the Live Oak Police Department. A later investigation by the Federal Bureau of Investigation uncovered over 200 images of children being sexually abused on the laptop computer assigned to Kirby's patrol vehicle. Kirby,

2

who was by then suspended from his job, responded by asking Sergeant Derick Slaughter to erase the files from his account on the department's desktop computer. Instead of deleting Kirby's files, Slaughter searched Kirby's account and found an image of a nude, prepubescent boy. Slaughter reported the image to the police chief, who approved a search of the computer. A forensic analysis of the computer produced at least 80 images of child pornography or child erotica. Most of these images were of Kirby's thirteen-year-old stepdaughter, either captured by hidden cameras in bathrooms or taken while Kirby was assisting his stepdaughter with stretches due to a sports injury. The computer also contained a pornographic image of a friend of Kirby's stepdaughter.

A grand jury charged Kirby with three counts of sexual exploitation of children for the purpose of producing child pornography, 18 U.S.C. § 2251(a), (e), and two counts of possessing with intent to view material involving minors engaged in sexually explicit conduct, 18 U.S.C. § 2252(a)(4)(B), (b)(2). Following trial, a jury found Kirby guilty on all counts.

Using the 2016 edition of the United States Sentencing Guidelines, the probation officer assigned Kirby a total offense level of 43 and a criminal-history category of I. The district court accepted this calculation without objection from either party. As the district court explained, the Guidelines ordinarily recommend a life sentence for this offense level. *See* United States Sentencing Guidelines

Manual ch. 5 pt. A (Nov. 2016). But because none of the counts of conviction allowed for life imprisonment, the district court concluded that the Guidelines recommended "taking the maximum for each count . . . and adding them together for a sentence." Again without objection, the district court then calculated the guidelines sentence as 1440 months. And after considering the statutory sentencing factors, 18 U.S.C. § 3553(a), the district court sentenced Kirby to 1440 months of imprisonment.

## II. STANDARD OF REVIEW

We review an interpretation of the Sentencing Guidelines *de novo*. *United States v. Whyte*, 928 F.3d 1317, 1327 (11th Cir. 2019). We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Duperval*, 777 F.3d 1324, 1331 (11th Cir. 2015). We will reverse for abuse of discretion only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* (internal quotation marks omitted).

## III. DISCUSSION

For the first time on appeal, Kirby argues that the district court committed procedural error by calculating the guidelines sentence as consecutive terms of the maximum sentence for each count of conviction. As a fallback position, he

4

contends that his sentence was substantively unreasonable. We address each argument in turn.

### A.  The District Court Did Not Err When It Calculated the Guidelines Sentence.

Kirby argues for the first time on appeal that the district court incorrectly calculated the guidelines sentence. His failure to object in the district court would ordinarily mean that we review for plain error, *United States v. Corbett*, 921 F.3d 1032, 1037 (11th Cir. 2019), but because no error occurred we need not decide whether the alleged error was plain or affected Kirby's substantial rights.

As Kirby concedes, his total offense level and criminal-history category would ordinarily call for life imprisonment. U.S.S.G. ch. 5 pt. A. But none of Kirby's offenses carried a possible life sentence. *See* 18 U.S.C. § 2251(e) (imposing a maximum sentence of 30 years); *id.* § 2252(b)(2) (imposing maximum sentences of 10 and 20 years). So the district court applied section 5G1.2(d) of the Guidelines, which explains what to do in that circumstance:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the [ordinary guidelines recommendation], then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the [ordinary guidelines recommendation].

The parties agree that section 5G1.2(d) controls our decision. They dispute what sentence is "equal to" life imprisonment. The district court adopted a straightforward understanding of a life sentence—that is, indefinite in duration. So

5

it concluded that the Guidelines recommended consecutive terms of the statutory maximums for each count of conviction, the closest sentence to life that the law allowed. The maximum terms for Kirby's five counts of conviction collectively produced a sentence of 1440 months of imprisonment. But Kirby contends that a life sentence converts to 470 months. He explains that the United States Sentencing Commission defines a "life sentence" for statistical purposes as 470 months, "a length consistent with the average life expectancy of federal criminal offenders." U.S. Sentencing Comm'n, *Sourcebook of Federal Sentencing Statistics* 166 (2017).

The district court correctly interpreted the Guidelines. "[T]he language of the Sentencing Guidelines, like the language of a statute, must be given its plain and ordinary meaning." *United States v. Whatley*, 719 F.3d 1206, 1222 (11th Cir. 2013) (internal quotation marks omitted). And the meaning of life imprisonment is clear: "Confinement of a person in prison for the remaining years of his or her natural life." *Life Imprisonment*, *Black's Law Dictionary* (11th ed. 2019). By definition, life imprisonment lacks a fixed term. So the district court correctly combined the statutory maximum for each count of conviction to set Kirby's guideline sentence at 1440 months of imprisonment, the closest available sentence to indefinite incarceration. *See* U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline

6

sentence."); *see also United States v. Sarras*, 575 F.3d 1191, 1208–09, 1219–20 & n.22 (11th Cir. 2009) (concluding that a sentence of 1200 months of imprisonment fell within the Guidelines when the Guidelines called for a life sentence but the counts of conviction did not permit life).

The definition of life imprisonment in the statistical sourcebook published by the Sentencing Commission does not alter this conclusion. To start, the statistical sourcebook is not part of the Sentencing Guidelines. The Commission publishes the sourcebook based on its authority to collect and publish data on the sentencing process. *See Sourcebook of Federal Sentencing Statistics*, *supra*, at s-1 (citing 28 U.S.C. § 995(a)(12)–(16)). The report also satisfies the Commission's obligation to provide an annual report of sentencing data to the United States Attorney General. *See id.* (citing 28 U.S.C. § 994(w)(4)). But the sourcebook does not amend or redefine the Guidelines in any way, which would require the Commission to approve it by an affirmative vote and submit it to Congress for review. *See* 28 U.S.C. § 994(a), (p). As the First Circuit has held, "[t]hough 470 months may be an accurate statistical representation of the actual length of many life sentences—and may indeed be equivalent to a life sentence for many individuals—there is no 'cap' within the Guidelines that limits life sentences to 470 months." *United States v. Breton*, 740 F.3d 1, 22 (1st Cir. 2014). And although one circuit has approved the use of 470 months as a baseline to calculate a

7

reduction in a sentence for substantial assistance to the government, *United States v. Keller*, 413 F.3d 706, 711 (8th Cir. 2005); *see also United States v. Nelson*, 491 F.3d 344, 349–50 (7th Cir. 2007) (suggesting the same in dicta), no circuit has defined life imprisonment as 470 months.

The Supreme Court has described a life sentence as the "second most severe [punishment] known to the law," *Harmelin v. Michigan*, 501 U.S. 957, 996 (1991), and we cannot accept Kirby's invitation to hold that a 1440-month sentence is worse. We instead conclude that when the Sentencing Guidelines recommend life imprisonment, they mean life imprisonment. Accordingly, the district court did not err procedurally when it calculated Kirby's guidelines sentence as close to indefinite incarceration as the law allowed.

### B. The Sentence Is Not Substantively Unreasonable.

Kirby also contends that his sentence is substantively unreasonable, which requires him to establish that the district court "fail[ed] to afford consideration to relevant factors that were due significant weight, [gave] significant weight to an improper or irrelevant factor, or commit[ed] a clear error of judgment in considering the proper factors." *United States v. Dixon*, 901 F.3d 1322, 1351 (11th Cir. 2018) (internal quotation marks omitted). Substantively unreasonable sentences are "rare." *Id.* We also "ordinarily expect a sentence within the guidelines range to be reasonable." *Id.* (internal quotation marks omitted).

8

As an initial matter, Kirby's argument is largely predicated on the erroneous conclusion that the district court imposed an above-guidelines sentence. Regardless, the sentence was not unreasonable. Before imposing the longest sentence that it could, the district court thoroughly discussed Kirby's particularly heinous conduct and direct participation in the creation of child pornography, his breach of public trust as a police officer, and his total failure to take responsibility for his actions. We see no abuse of discretion.

## IV. CONCLUSION

We **AFFIRM** Kirby's sentence.