[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14514
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20076-RNS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILIO VAZQUEZ,
a.k.a. Emilio Serralles,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 6, 2021)

Before JILL PRYOR, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Emilio Vazquez appeals his 108-month sentence—21 months above the top end of the guideline range—imposed on remand after pleading guilty to one count of wire fraud.  Vazquez argues his sentence is substantively unreasonable because he received no financial gain, saved numerous lives through his fraud, and has long suffered from mental illness.  He further argues that the court placed undue weight on his criminal history and that despite his past crimes, the sentence lies outside a reasonable sentence dictated by the facts of the case and should be vacated.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  We will reverse for abuse of discretion only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [§] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Kirby*, 938 F.3d 1254, 1257 (11th Cir. 2019) (quotation marks omitted).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the factors and purposes" in § 3553(a), which include "the need to reflect the seriousness of the offense, promote respect for the law,

2

provide just punishment for the offense, deter criminal conduct, and protect the public." *United States v. Plate*, 839 F.3d 950, 957 (11th Cir. 2016). The court must also consider "the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to the victim." *Id.*

The weight given to any specific § 3553(a) factor is "committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks omitted). Nonetheless, a court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Moreover, a court's unjustified reliance on any one § 3553(a) factor may indicate an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

District courts have broad leeway in deciding how much weight to give to prior crimes that the defendant has committed. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1261, 1263 (11th Cir. 2015) ("Placing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of

3

the factors it requires a court to consider are related to criminal history."). When the ultimate sentence is reasonable in light of all the circumstances, we will not second guess the weight that the district court placed on a particular factor or factors. *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010). And a court's failure to specifically mention certain mitigating factors at sentencing does not compel the conclusion that the sentence was substantively unreasonable. *Id.* at 873.

A sentence outside the guideline range is not presumptively unreasonable, and we must give due deference to the district court's decision that the § 3553(a) factors justify a variance. *Irey*, 612 F.3d at 1187. But checking "to see that the justification is sufficiently compelling remains the duty of the court of appeals." *Id.* The court's justification must be "compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review," but "an extraordinary justification" is not required for a sentence outside the guideline range. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation marks omitted). Finally, a sentence imposed well below the statutory maximum penalty is an indicator of reasonableness. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

Vazquez has not shown that his sentence is unreasonable based on the facts of the case and the § 3553(a) factors. *See Tome*, 611 F.3d at 1378. The court's

4

statements at the resentencing about the mitigating and aggravating circumstances reflect sufficient consideration and weighing of the § 3553(a) factors. *See Plate*, 839 F.3d at 957; *Clay*, 483 F.3d at 743. Contrary to Vazquez's argument that the court ignored mitigating facts, the court adequately acknowledged mitigating circumstances and stated it considered the statements of the parties and the PSI, which included information about his mental health; the court was not required to specifically mention his mental health for the sentence to be reasonable. *See Snipes*, 611 F.3d at 873.

While a court's unjustified reliance on any one § 3553(a) factor may indicate an unreasonable sentence, the court placing substantial weight on Vazquez's criminal record is discretionary and justified given his five prior prison sentences and pattern of fraud offenses dating back to 2001. *See Rosales-Bruno*, 789 F.3d 1261-63. The court provided sufficient justification—the seriousness of the offense, deterrence, the impact on charitable efforts, and the criminal history—for the degree of upward variance applied. *See Shaw*, 560 F.3d 1238. And a sentence 132 months below the statutory maximum indicates reasonableness. *See Croteau*, 819 F.3d 1310.

For those reasons, the district court did not abuse its discretion because the 108-month sentence was substantively reasonable. Accordingly, we affirm.

**AFFIRMED.**

5