[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-10841
Non-Argument Calendar

————————————————

D.C. Docket No. 2:19-cr-00081-TPB-MRM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JARQUEL JENKINS,

Defendant-Appellant.


————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(March 29, 2021)

Before WILSON, ROSENBAUM, and LAGOA, Circuit Judges.

PER CURIAM:

Jarquel Jenkins appeals his 235-month sentence for possession with the intent to distribute heroin, cocaine, and methamphetamine and possession of a firearm and ammunition by a convicted felon. Jenkins argues that his sentence, which was at the high end of the guideline range, was substantively unreasonable because the district court placed inordinate weight on his age and failed to consider the government's low-end sentence recommendation and other mitigating factors, including, his acceptance of responsibility; the seriousness of the offense; the need to promote respect for the law, deter criminal conduct, and protect the public; and the pertinent policy statements.

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party challenging the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Alvarado*, 808 F.3d 474, 496 (11th Cir. 2015).

Before imposing a sentence, the district court is required to consider several factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3553(a). The district court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing, which include the need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; deter criminal conduct; protect the public; and provide the defendant with needed

2

educational, vocational, medical, or other correctional treatment. *Id.* § 3553(a)(2). In addition, the district court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to the victim. *Id.* §§ 3553(a)(1), (3)-(7)

Although we do not automatically presume a sentence falling within the advisory guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Nonetheless, a district court can abuse its discretion when it: (1) fails to consider all factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). Unjustified reliance upon any one of the § 3553(a) factors may also indicate an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (vacating sentence of only five hours' imprisonment for bank fraud, even though the defendant had provided substantial assistance that was crucial in the prosecution of his codefendant, where the court "focused single-mindedly on the goal of restitution to the detriment of all of the other sentencing factors"). However, the district court is "not required to state on the record that it has explicitly considered each of the §

3

3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) (quotation marks omitted).

Instead, it is enough when the "court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." *Id.* Further, although the district court must consider all the applicable § 3553(a) factors, it does not have to give all of them equal weight and it may in its sound discretion attach "great weight to one factor over others." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation marks omitted). "A district court's sentence need not be the most appropriate one, it need only be a reasonable one." *Irey*, 612 F.3d at 1191.

The combined effect of all these principles is that "[s]ubstantively unreasonable sentences are rare." *United States v. Kirby*, 938 F.3d 1254, 1259 (11th Cir. 2019) (quotation marks omitted). We will only reverse a sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (quotation marks omitted).

Here, we conclude that the district court did not abuse its discretion by imposing a 235-month sentence because the record shows that it did not improperly weigh Jenkins's criminal history or the government's low-end sentence

recommendation. The record further shows that the district court considered mitigating factors, in imposing a sentence. Because the sentence imposed is supported by the record and the 18 U.S.C. § 3553(a) factors, we affirm the sentence.

**AFFIRMED.**