[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14405
Non-Argument Calendar
_____

D.C. Docket No. 8:00-cr-00281-WFJ-1


UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

MITCHELL MONTEVERDI,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 19, 2021)

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Mitchell Monteverdi appeals his 24-month sentence, which was at the statutory maximum, imposed upon revocation of his supervised release. He argues that his sentence was (1) procedurally unreasonable because the court stated that this was his "second time through" a supervised-release disciplinary process and (2) substantively unreasonable because the court gave undue weight to his criminal history and recidivism risk and insufficient weight to other factors, including the guidelines range, his need for rehabilitative support, and the parties' sentencing recommendations.

We review a district court's revocation of supervised release for an abuse of discretion, and we review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). The party challenging the sentence bears the burden of showing that the sentence was unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *United States v. Alvarado*, 808 F.3d 474, 496 (11th Cir. 2015).

A district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e). Section 3553(a) provides that district courts shall impose a sentence sufficient, but not

greater than necessary, to fulfill the need for the sentence imposed to deter criminal conduct; protect the public; and provide the defendant with needed educational, vocational, medical, or other correctional treatment. *Id.* §§ 3553(a), 3583(e). In addition, the district court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to the victim. *Id.* §§ 3553(a)(1), (4)-(7), 3583(e)(3).

We use a two-step process to review a sentence's reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we must confirm that the sentence is not procedurally unreasonable. *Id*. A sentence is procedurally unreasonable if a district court commits an error such as failing to calculate (or improperly calculating) the Guidelines range, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Id*. Further, the sentencing court should provide sufficient reasoning to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority. *Rita v. United States*, 551 U.S. 338, 356 (2007). But a lengthy explanation is not required. *Id*.

3

If the district court's sentencing decision is procedurally reasonable, we must then determine whether the sentence is substantively reasonable. *Gall*, 552 U.S. at 51. A sentence outside of the applicable Guidelines range does not trigger a presumption of unreasonableness. *Id.* We consider the "totality of the facts and circumstances" in substantive reasonableness review. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). We can vacate a district court's sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." *Id.* at 1190. Nonetheless, a district court can still abuse its discretion when it: (1) fails to consider all factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Id.* at 1189. Unjustified reliance upon any one of the § 3553(a) factors may also indicate an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (vacating sentence where the court "focused single-mindedly on the goal of restitution to the detriment of all of the other sentencing factors"). But the district court is "not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) (quotation marks omitted).

"A district court's sentence need not be the most appropriate one, it need only be a reasonable one." *Irey*, 612 F.3d at 1191. The combined effect of all these principles is that "[s]ubstantively unreasonable sentences are rare." *United States v. Kirby*, 938 F.3d 1254, 1259 (11th Cir. 2019) (quotation marks omitted).

Here, the district court's 24-month sentence was neither procedurally nor substantively unreasonable. Monteverdi hasn't established that the district court's reference to it being his "second time through" referenced anything besides his undisputed earlier opportunity to resolve his supervised-release situation more informally, which was unsuccessful, or why it would be inappropriate to mention that opportunity. And in light of Monteverdi's considerable criminal history, multiple violations of supervised release, and the nature of his offense, the district court's sentence wasn't substantively unreasonable. Accordingly, we **AFFIRM**.