[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13647
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00024-CEM-EJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VORARUT VORASIANGSUK,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 10, 2021)

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Vorarut Vorasiangsuk appeals the district court's denial of his motion to suppress and his 168-month sentence for receiving and possessing child pornography. First, he argues he was subjected to a custodial interrogation without a *Miranda*[1] warning. Second, he argues the district court gave undue weight to improper sentencing factors, namely his family support and occupation.

## I.

The denial of a motion to suppress is a mixed question of fact and law. *United States v. Thomas*, 818 F.3d 1230, 1239 (11th Cir. 2016). We review questions of law *de novo* and questions of fact for clear error, construing the facts in the light most favorable to the party that prevailed before the district court. *Id.*

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. *Miranda* established that statements made during a custodial interrogation are not admissible at trial unless the defendant was first advised of his rights, including the right against self-incrimination. 384 U.S. at 444-45.

An individual is considered to be "in custody" for *Miranda* purposes where there is a "formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *United States v. Brown*, 441 F.3d 1330, 1347 (11th Cir. 2006) (quotation marks omitted). This test is from the perspective of a reasonable innocent

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

person, and "the actual, subjective beliefs of the defendant and the interviewing officer on whether the defendant was free to leave are irrelevant." *Id.* (quotation marks omitted). And in this determination, we consider the totality of the circumstances, including the location and "whether the officers brandished weapons, touched the suspect, or used language or a tone that indicated that compliance with the officers could be compelled." *United States v. Luna-Encinas*, 603 F.3d 876, 881 (11th Cir. 2010) (quotation marks omitted).

An interviewee's "status as a suspect, and the 'coercive environment' that exists in virtually every interview by a police officer of a crime suspect, [does] not automatically create a custodial situation." *United States v. Muegge*, 225 F.3d 1267, 1270 (11th Cir. 2000). The location of the interview is not necessarily dispositive, but courts are much less likely to find a custodial encounter when the interrogation occurs "in familiar or at least neutral surroundings, such as the suspect's home." *Brown*, 441 F.3d at 1348 (quotation marks omitted).

Here, we conclude that the district court did not err by finding Vorasiangsuk was not in custody for *Miranda* purposes based on the totality of the circumstances. Supporting the conclusion that a reasonable innocent person would not have believed he was restrained as if formally arrested, the agents did not physically touch, threaten, point their guns at, handcuff, or even raise their voices to Vorasiangsuk. *See Luna-Encinas*, 603 F.3d at 881; *Brown*, 441 F.3d at 1347. The

3

district court found the interview was calm and cordial. Further, Vorasiangsuk stated in the recording that no one compelled him to do anything and that he was trying his best to cooperate. Although he was escorted out of his apartment, the conversation took place at Vorasiangsuk's residence, which also bolsters the conclusion that he was not in custody. *See Brown*, 441 F.3d at 1347.

Because Vorasiangsuk was not in custody when he admitted to downloading child pornography, the agents were not obligated to advise him of his *Miranda* rights and no Fifth Amendment violation occurred. Accordingly, the district court properly denied the motion to suppress, and we affirm.

II.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We will reverse for abuse of discretion only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [§] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Kirby*, 938 F.3d 1254, 1257 (11th Cir. 2019) (quotation marks omitted).

4

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the factors and purposes" in § 3553(a), which include "the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public." *United States v. Plate*, 839 F.3d 950, 957 (11th Cir. 2016). The district court must also consider "the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to the victim." *Id.*

The weight given to any specific § 3553(a) factor is "committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks omitted). Nonetheless, a district court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Although we do not presume that a sentence falling within the guideline range is reasonable, a sentence imposed well below the statutory maximum penalty is another indicator of

5

reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, we conclude that the district court did not abuse its discretion when it sentenced Vorasiangsuk. It considered his history and characteristics, along with the other § 3553(a) factors, as required. *See Plate*, 839 F.3d 950, 957. Balancing § 3553(a) factors is within the district court's discretion, and Vorasiangsuk has not shown that the district court committed a clear error of judgment and improperly weighed those factors. *See Kirby*, 938 F.3d at 1257; *Clay*, 483 F.3d at 743. The district court did not, as Vorasiangsuk suggests, weigh his family support and occupation against him. Instead, the district court simply found that they were not reason enough to vary downward, noting that it "desperately looked for a way to vary downward" but could not find one. Additionally, a sentence 42 months below the top of the guideline range and 72 months below the statutory maximum indicates reasonableness. *See Hunt*, 526 F.3d at 746; *Gonzalez*, 550 F.3d at 1324. Accordingly, we conclude that the district court did not abuse its discretion as the 168-month sentence was substantively reasonable.

**AFFIRMED.**