[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 21-10075

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOAQUIN HERRERA,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:19-cr-00068-TKW-MJF-1

————————————

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Joaquin Herrera pleaded guilty to four counts of production of child pornography and one count of possession of child pornography.  The district court imposed a below-Guidelines sentence of 100 years, which Herrera claims was substantively unreasonable.  We disagree and affirm.

I

In 2019, police received a report that an eight-year-old girl had been molested by her neighbor.  That neighbor turned out to be Herrera.  The police then obtained a search warrant for Herrera's apartment and seized his electronic devices.  Upon executing a second warrant for the devices' contents, law enforcement discovered child pornography on Herrera's cellphone, including lewd images depicting the girl who had reported him.  A grand jury returned an indictment against Herrera, charging him with four counts of producing child pornography and one count of possessing child pornography.

The details of Herrera's crimes are disturbing.  Counts 1 and 3 related to Herrera's sexual abuse of his girlfriend's then-six-year-old daughter.  As to Count 1, Herrera filmed himself pulling down the little girl's underwear and "spread[ing] her vagina open."  After lifting the girl's legs in the air and "wiping her vagina with a rag," Herrera "gets on his knees," touches the child's genitals, "exposes

himself, and begins masturbating." For Count 3, Herrera took six pictures of the child with her legs in the air while he "us[ed] his fingers to touch and/or spread her vagina open."

Turning to Count 2, Herrera produced child pornography of a second victim, his own eleven-year-old daughter. One video shows her laying on a bed with her legs spread apart while Herrera "is rubbing his penis on her vagina." Another video shows the girl "on her knees" with her "buttocks, anus, and vagina . . . exposed" to the camera.

Count 4 relates to the incident with Herrera's neighbor—a third victim. Police discovered pornographic images of the girl corroborating the reported molestation. And in those images, Herrera is seen pulling aside the little girl's bathing suit and fondling her vagina.

Finally, Count 5 charged Herrera with possessing one video and nine images depicting child pornography. Those include: (1) a video of a man "ejaculating into [a female minor's] open mouth," (2) an image of a prepubescent girl "with an erect penis in her mouth," (3) a photo of a "penis being inserted into [a prepubescent] child's vagina," (4) a photo of a young girl "with her mouth open and tongue out, touching an erect penis," (5) a picture of a naked young girl exposing her genitals, and (6) multiple images of a male under 12 "engaged in sexual conduct" with a young woman.

Herrera pleaded guilty to all five counts, and the district court accepted his plea. At sentencing, Herrera's offense level was

capped at 43 pursuant to Application Note 2 to the Sentencing Guidelines Table.  Although the Guidelines "range" for this offense level would normally be life, it was reduced to 1,680 months (120 years) to account for various statutory maximums.  *See* U.S.S.G. § 5G1.2 & App. Note 3(B); 18 U.S.C. §§ 2251(e), 2252A(b)(2).  The district court departed downward even further, sentencing Herrera to a term of 100 years in prison, followed by ten years of supervised release.  Herrera appealed, raising a single challenge to the substantive reasonableness of his sentence.

## II

"Substantively unreasonable sentences are 'rare.'"  *United States v. Kirby*, 938 F.3d 1254, 1259 (11th Cir. 2019) (quotation omitted).  We review the reasonableness of a district court's sentence simply for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  Under this deferential standard, we "may vacate the sentence only if we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors' by imposing a sentence that falls outside the range of reasonableness as dictated by the facts of the case."  *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021) (per curiam) (quoting *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc)).  As the challenger, Herrera "has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).  And that burden is particularly

21-10075              Opinion of the Court                    5

onerous where, as here, the district court has imposed a sentence below that recommended by the Guidelines. *See United States v. Cubero*, 754 F.3d 888, 898 (11th Cir. 2014).

Herrera has not shown that his sentence is unreasonable. First, consider the seriousness of his crimes and the need to provide just punishment. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A). As the district court emphasized, "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses." *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009); *accord United States v. Hall*, 965 F.3d 1281, 1299 (11th Cir. 2020); *Kirby*, 938 F.3d at 1259; *Irey*, 612 F.3d at 1206. We've therefore consistently upheld severe sentences for defendants convicted of such heinous crimes. *See, e.g.*, *Sarras*, 575 F.3d at 1221 (1,200 months); *Kirby*, 938 F.3d at 1258–59 (1,440 months); *United States v. Johnson*, 451 F.3d 1239, 1240–41 (11th Cir. 2006) (per curiam) (1,680 months).

This case is no exception. The district court noted the potentially devastating impact of Herrera's conduct on the innocent, young victims. *See Irey*, 612 F.3d at 1207 ("[C]hildhood sexual abuse has devastating and long-lasting effects on its victims." (citing *New York v. Ferber*, 458 U.S. 747, 758 n.9 (1982)). And it explained that this case involved the "more troubling aspect"—and remember we're talking about more troubling than the average child pornography case—of a "familial relationship" between the offender and some of the victims. Further, the court observed that Herrera's acts included "physical touching" of the children—not just "run-of-the-mill photographing"—"which exacerbates the nature

of th[e] crime even more." These factors magnify the seriousness of Herrera's crimes and the need for stiff punishment. *See Irey*, 612 F.3d at 1209 ("The less it takes to have the statutory minimum sentence imposed, the higher the sentence should be for someone who does much, much worse than the minimum amount of criminal behavior that would violate the statute.").

In addition, the district court stressed the need to protect the public—particularly innocent children—in the future. *See* 18 U.S.C. § 3553(a)(2)(C). Herrera disputes this factor, arguing that he is "not incorrigible," and that the district court should have found that his crimes were merely "the product of ongoing battles with drug addiction, depression and anxiety." Br. of Appellant at 20, 23–24. But the district court explicitly accounted for Herrera's "serious drug addiction" and his "mental health issues" in its assessment, explaining that these mitigating factors, among others, "cut in [his] favor." *See* 18 U.S.C. § 3553(a)(1). Even so, the court reasoned that the stored images on Herrera's phone and his masturbation and physical touching of the girls in those images "strongly suggest that there is some level of proclivity" to commit this type of crime. As such, the court was justifiably concerned that Herrera might revert to subjecting prepubescent girls to sexual abuse. Moreover, the court described how "even a relatively low risk" of recidivism wasn't dispositive of the need to protect the public, given the "extremely high societal impact" that would result were Herrera to reoffend. That analysis was proper. *See Irey*, 612 F.3d at 1217 ("Adequate protection is a function of two variables: the level of risk

that conduct will occur and the level of harm that will be inflicted if that conduct does occur.").

In short, the district court's below-Guidelines sentence was substantively reasonable. "[G]iven the broad sentencing discretion that district courts have and in light of the totality of the circumstances, we are simply not 'left with the definite and firm conviction that the district court committed a clear error of judgment.'" *United States v. Rogers*, 989 F.3d 1255, 1265 (11th Cir. 2021) (quoting *Irey*, 612 F.3d at 1190).

★  ★  ★

Accordingly, we **AFFIRM** Herrera's sentence.