[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13207

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN RICHARD TESTANI,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cr-00211-CEM-EJK-1

_____

Before WILSON, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Justin Testani appeals his total sentence of 720 months' imprisonment following his conviction on 2 counts of production of child pornography. Testani argues that (i) the district court abused its discretion when it denied his motion to continue sentencing to allow him to undergo a competency evaluation and hearing, (ii) it imposed a substantively unreasonable total sentence, and (iii) his total sentence violated the Eighth Amendment. As to his first point, he argues that the district court had a *bona fide* doubt of his competence. As to the second, he argues that the court did not consider mitigating factors, and his total sentence was disparate to sentences given to similar offenders. Finally, as to the third, he argues that his total sentence was disproportionately long.

We will address each point in turn.

## I.

We review a district court's failure to order a hearing on a defendant's competency for an abuse of discretion. *See United States v. Wingo*, 789 F.3d 1226, 1236 (11th Cir. 2015).

A defendant is incompetent if he is presently "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

The Due Process Clause of the Fifth Amendment requires that a defendant be mentally competent to proceed. *United States v. Rodriguez*, 751 F.3d 1244, 1252 (11th Cir. 2014). It guarantees a right to a competency hearing when "the court learns of information that raises a *bona fide* doubt regarding the defendant's competence." *Wingo*, 789 F.3d at 1235 (alteration adopted) (internal quotation marks omitted). This right is also guaranteed by a statute, 18 U.S.C. § 4241(a), which provides that, "[a]t any time after the commencement of a prosecution for an offense *and prior to the sentencing of the defendant*" either party . . . may [move] for a "hearing to determine the mental competency of the defendant." 18 U.S.C. § 4241(a) (emphasis added)."

We consider three factors in determining whether information presented to the district court establishes a *bona fide* doubt regarding the defendant's competence: (1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) whether there is any prior medical opinion regarding the defendant's competence. *Wingo*, 789 F.3d at 1236.

Here, considering the totality of the factors, the district court did not abuse its discretion in refusing to delay sentencing to allow for a competency evaluation and hearing. As to the first two factors, nothing in the record suggested that Testani exhibited irrational behavior or that his demeanor at trial indicated a lack of competence to proceed. *Wingo*, 789 F.3d at 1236. That his counsel noted that he had trouble remembering all the consultation points in rehearsal for trial did not rise to the level of irrational behavior

that would create a bona fide doubt about his competence. *Pardo*, 587 F.3d at 1101.

Further, the district court spoke directly with Testani during the change of plea hearing as well as at sentencing. Regarding the change of plea hearing, the court noted that it had observed Testani during the proceedings, and nothing that happened during those interactions cast doubt on his competence. Instead, the court noted that he had interacted appropriately. And at sentencing, Testani gave an in-depth allocution that demonstrated he understood the nature of the proceedings and the charges against him: he recognized that what he did was wrong, took full responsibility for his actions, noted the lasting consequences experienced by his victims, expressed that he wanted to seek treatment, and asked for lenity in sentencing. *Wright*, 278 F.3d at 1258 59. Therefore, nothing about his behavior or his interactions with the district court during the proceedings cast a bona fide doubt on his competency. *Wingo*, 789 F.3d at 1236.

As to the third factor, the record does not reflect any definitive medical opinions on Testani's competency. Indeed, Dr. Machlus performed a forensic psychological evaluation of Testani that revealed many issues, such as a very low IQ, reduced cognitive abilities, anxiety, depression, and PTSD, but he later admitted that he made no findings as to Testani's competency. Rather, he found that Testani was sufficiently competent to at least take the battery of tests included in his forensic evaluation. *Pardo*, 587 F.3d at 1101. Moreover, while Testani's counsel alluded to Dr. McClain's

preliminary opinion as to incompetence, no definitive statement from her, nor results of any tests she had performed, appear in the record. Specifically, Testani's counsel qualified Dr. McClain's purported preliminary findings by noting, first, only that Testani "may" be incompetent, and second, that she needed more information before giving a decision as to his competence. Thus, Dr. Machlus's finding of low IQ, in tandem with Dr. McClain's preliminary opinion, were insufficient to create a bona fide doubt as to Testani's competence. *Wingo*, 789 F.3d at 1236; *Pardo*, 587 F.3d at 1101.

Finally, the district court's observation when it denied Testani's second, pre-sentence motion—that his offense conduct reflected a pattern of manipulating others—was supported by the undisputed findings in the PSI, and consistent with the government's representation as to his admission, in a recorded jail call, to feigning suicidal ideology to be moved within the jail.

Accordingly, the district court did abuse its discretion in declining to continue the sentence hearing, to allow for a competency evaluation, or to hold a competency hearing, and this Court should affirm in this respect.

## II.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire

record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

We measure substantive reasonableness by considering the totality of the circumstances and whether the sentence achieves the sentencing purposes stated in 18 U.S.C. § 3553(a). *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). The district court must issue a sentence "sufficient, but not greater than necessary," to comply with the § 3553(a) factors, which include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide medical care in the most effective manner. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The weight given to any specific 18 U.S.C. § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). The district court is permitted to attach great weight to one § 3553(a) factor over others. *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013). We will not second guess the weight that the district court gave to

a § 3553(a) factor so long as the sentence is reasonable in light of all the circumstances. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). However, "a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

Moreover, although we do not automatically presume a sentence falling within the advisory guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

We have stated that the threat of recidivism posed by pedophiles who sexually abuse children is "appalling." *Irey*, 612 F.3d at 1214 (quotation marks omitted). Thus, child sex crimes are among the worst offenses and should result in severe sentences. *Id.* at 1206-07.

Accordingly, we have upheld long sentences for child sex crimes as substantively reasonable in numerous cases. *See, e.g.*, *United States v. Johnson*, 451 F.3d 1239, 1240, 1244 (11th Cir. 2006) (holding that a 1,680-month sentence was reasonable to reflect the need to protect children from the defendant, who was convicted of producing and distributing child pornography); *United States v. Kirby*, 938 F.3d 1254, 1258-59 (11th Cir. 2019) (holding a 1,440-month guideline sentence for participation in the creation of child pornography was not substantively unreasonable given

defendant's direct participation in the "heinous" crime); *Sarras*, 575 F.3d at 1221 (affirming that a 1,200-month sentence of imprisonment for child sex crimes was reasonable because these crimes are "among the most egregious and despicable of societal and criminal offenses").

Here, Testani has not met his burden of demonstrating that his 720-month total sentence is one of those "rare" substantive unreasonableness cases. *See Kirby*, 938 F.3d at 1259. Specifically, Testani has not shown that the district court abused its discretion by failing to afford consideration to relevant factors that were due significant weight. *See* 18 U.S.C. § 3553(a). Indeed, the court adopted the PSI, which contained information about mitigating factors, as well as Dr. Machlus's forensic psychological evaluation, which detailed the sexual abuse Testani sustained as a minor, the adverse disorders he suffered with because of it, as well as his low intellectual ability and achievement. And the court addressed these mitigating factors at sentencing. The court also explicitly stated that it had considered both the advisory sentencing guidelines and the 3553(a) factors and noted that its sentence was sufficient but not greater than necessary to accord with the statutory purposes of sentencing. *See* 18 U.S.C. § 3553(a)(2). Thus, any contention that the court did not afford consideration to relevant factors that were due significant weight is belied by the record.

The court considered the totality of the circumstances, which included both mitigating and aggravating factors, and found that deterrence was salient because Testani's penchant for

manipulation meant that not only was he dangerous, but that he would remain so.  With the record before it, it found that Testani's claims of lower intelligence were belied by the manner in which he carried out his crimes.  In sum, it found that the nature of the offense and deterrence of similar future offenses weighed heavily in favor of and substantiated the need for a guideline-term sentence. And it did not do so lightly, but acknowledged that the government's proposed sentence was heavy, and "desperately look[ed] for any reason" to give a lower sentence.  It did not find one, and it was within the court's discretion to give greater weight to these aggravating factors and was supported by the documented crimes in the record.  *Overstreet*, 713 F.3d at 638; *Pugh*, 515 F.3d at 1191.  Thus, that the court gave greater weight to deterrence, the seriousness of the offense conduct, and protecting the public—namely children— in light of the record showing that Testani was manipulative and dangerous, was not an abuse of discretion, but instead, well within its purview.  *Clay*, 483 F.3d at 743.

Moreover, this Court has found similar and more severe sentences for child sex crimes to be substantively reasonable in numerous cases.  *See Johnson*, 451 F.3d at 1240, 1244; *Kirby*, 938 F.3d at 1258-59; *Sarras*, 575 F.3d at 1221.  And this Court also would ordinarily expect Testani's within-guideline total sentence to be reasonable.  *Hunt*, 526 F.3d at 746.  Thus, Testani has not shown that such sufficient disparity exists to render his total sentence substantively unreasonable.  Therefore, it was substantively reasonable, and this Court should affirm.

### III.

When a defendant fails to object to the legality of a sentence under the Eighth Amendment at the district court level, we will review it for plain error. *United States v. Mozie*, 752 F.3d 1271, 1290 (11th Cir. 2014). Plain error requires a challenger to show: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Hoffman*, 710 F.3d 1228, 1281 (11th Cir. 2013). "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *Id.* (quoting *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009)).

The Eighth Amendment states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. In cases in which a term-of-years sentence, as opposed to a death sentence, is being challenged, the Eighth Amendment contains a narrow proportionality principle that does not require strict proportionality between the crime and sentence but instead forbids "extreme sentences that are grossly disproportionate to the crime." *See United States v. Farley*, 607 F.3d 1294, 1336–37, 1341 (11th Cir. 2010) (quotation marks omitted).

Generally, sentences within the statutory limits are neither excessive, nor cruel and unusual under the Eighth Amendment, as we afford "substantial deference" to Congress's "broad authority to determine the types and limits of punishments for crimes."

*United States v. Bowers*, 811 F.3d 412, 432 (11th Cir. 2016) (quotation marks omitted).

Accordingly, we have repeatedly rejected gross disproportionality claims. *See, e.g., Johnson*, 451 F.3d at 1243 (11th Cir. 2006) (140-year sentence for production of child pornography).

Testani did not make an Eighth Amendment objection below in the district court, so we review for plain error. His total sentence does not violate the Eighth Amendment, because he has not pointed to any binding precedent holding that (1) a 720-month total sentence for two counts of production of child pornography violates the Eighth Amendment, or that (2) the district court was required by the Eighth Amendment to impose a lower total sentence. Moreover, his total sentence was on par with the guideline range, and not above the statutory maximum, so there is no indication that it was disproportionate, extreme, rare, or extraordinary. Therefore, we affirm his total sentence.

**AFFIRMED.**