[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13403

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERREMY JERRELL WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cr-00020-WWB-EJK-1

_____

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Derremy Walker used a hidden phone camera to film underage girls using the bathroom in their high school. He now challenges his convictions for using or attempting to use a minor to produce child pornography and his resulting sentence. Finding no error, we affirm.

## I.

Walker worked as a janitor in a Florida high school. On three days in November 2019—while Walker was on the job—he hid a cellphone under a sink in a student bathroom. He angled the phone so that its camera could view under a stall door and into the stall, around hip level, and pressed a button to record. From that vantagepoint, he captured videos in which at least 10 students exposed their genitals or buttocks while undressing to use the bathroom.

His scheme ended when two girls happened to sit on the bathroom floor and noticed a cellphone "propped up under the sink on the pipes facing towards the toilet." One girl grabbed the phone, saw that it was recording a video, and brought it to the dean's office, prompting an investigation. Eventually federal prosecutors charged Walker with two counts of using or attempting to use a minor to produce child pornography, in violation of 18 U.S.C. § 2251(a) and (e). A jury convicted him of

both counts. The district court then sentenced him to 60 years' imprisonment: the sentence recommended by the Guidelines and the maximum allowed by statute. *See* 18 U.S.C. § 2251(e). This appeal followed.

## II.

Walker argues that the district court improperly instructed the jury. We review the jury instructions for an abuse of discretion, but determine de novo whether those instructions "misstated the law or misled the jury." *United States v. Baston*, 818 F.3d 651, 660 (11th Cir. 2016).

Walker primarily contends that the district court misstated the law when issuing a supplemental instruction about an element of § 2251(a). As relevant to this appeal, a person violates § 2251(a) when he uses (or attempts to use) a minor "with the intent that such minor engage in, *any sexually explicit conduct* for the purpose" of "producing" or "transmitting" a "visual depiction of such conduct." 18 U.S.C. § 2251(a) (emphasis added); *see id.* § 2251(e). Congress has defined sexually explicit conduct to include the "lascivious exhibition of the anus, genitals, or pubic area of any person," and this Court has explained that an exhibition is lascivious when it "potentially excites sexual desires or is salacious." *Id.* § 2256(2)(A)(v); *United States v. Grzybowicz*, 747 F.3d 1296, 1305–06 (11th Cir. 2014) (quotations omitted and alteration adopted). The district court gave substantially those definitions in its instructions. It defined sexually explicit conduct to include "lascivious exhibition of the genitals or pubic area of any

4                    Opinion of the Court                    21-13403

person," and lascivious exhibition as "indecent exposure of the genitals or pubic area usually to incite lust."

The jury wanted more detail, specifically, about whose sexual desires matter. They asked whether the standard "applied to a normal person or the individual charged"—that is, was it a "subjective versus objective standard?" After much discussion with the government and Walker's counsel, the court told the jury to consider lasciviousness from the viewpoint of "the defendant or any intended viewer."

Although we have never adopted that viewpoint explicitly, we approved it impliedly in *United States v. Holmes*, 814 F.3d 1246 (11th Cir. 2016). There, we held that a child's "otherwise innocent conduct"—like using the bathroom—could count as a "lascivious exhibition of the genitals or pubic area." *Id.* at 1251–52 (quotation omitted). In reaching that conclusion, we endorsed other circuit opinions that "focused on the intent of the producer." *Id.* at 1252. And—most important for our purposes here—we cited with approval an opinion declaring that "[l]asciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or like-minded pedophiles." *Id.* (quoting *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987)). The perspective recommended by the district court—that of the defendant and his intended audience—was substantially the same, simply less inflammatory, and so an accurate statement of the law.

21-13403                Opinion of the Court                5

Moreover, the supplemental instruction did not direct a verdict against Walker. *See United States v. Akwuba*, 7 F.4th 1299, 1311 (11th Cir. 2021). To do so, the instruction would have needed to decide a factual question about an element of a charged offense. *See id.*; *Mims v. United States*, 375 F.2d 135, 148 (5th Cir. 1967).[1] The supplemental instruction here did not; instead, it answered a legal question about the proper perspective for determining whether conduct is sexually explicit. True, the jury convicted Walker within seconds of receiving the instruction. But their speed suggests only that the judge answered a critical question for the jury—not, as Walker claims, that the court essentially told the jury that an element of the offense had been met. We thus see no error in the supplemental instruction.

Walker also contends that the district court should not have instructed the jury on attempt. We disagree. The attempt instruction accurately expressed the law. *See United States v. Lee*, 603 F.3d 904, 913–14, 918 (11th Cir. 2010). And the instruction was not liable to confuse or prejudice the jury, which was charged with determining whether Walker had attempted to use a minor to produce child pornography. *See United States v. Clay*, 832 F.3d 1259, 1310 (11th Cir. 2016). His challenges to the jury instructions therefore fail.

---

[1] This Court adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

### III.

Walker next challenges his sentence on two grounds. *First*, he argues that the district court improperly applied a sentencing enhancement for engaging in a "pattern of activity involving prohibited sexual conduct." *See* U.S. Sentencing Guidelines § 4B1.5(b) (Nov. 2018). We review de novo the court's interpretation and application of the guideline providing for that enhancement. *United States v. Amedeo*, 370 F.3d 1305, 1312 (11th Cir. 2004).

Walker concedes that the requirements for the enhancement are satisfied, so long as his actions were in fact prohibited sexual conduct. They were. The conduct underlying the enhancement was filming the exposed pubic areas of girls using the bathroom—the very conduct for which he was convicted of producing (or attempting to produce) child pornography. *See* U.S.S.G. § 4B1.5 cmt. n.4(A). And to the extent that he is contending that the jury lacked sufficient evidence to convict him for that conduct, we disagree. As we explained in *Holmes*, surreptitiously filming girls "performing normal, everyday activities" in the bathroom can count as using minors to engage in sexually explicit conduct for pornography production, depending "on the actions of the individual creating the depiction." 814 F.3d at 1251–52. Here, Walker's actions sexualized innocent bathroom activities; he aimed a hidden camera into a bathroom stall to capture girls' naked pubic areas. *See id.* at 1252. A jury could reasonably conclude that through those recordings he was trying

21-13403              Opinion of the Court              7

to create a lascivious exhibition of their pubic areas—conduct that suffices to convict him of using or attempting to use a minor to produce child pornography. *See id.* The district court thus properly applied the enhancement.

*Second*, Walker argues that his sentence was substantively unreasonable. We review the court's sentencing decision for an abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc). Under that standard, we vacate a sentence as substantively unreasonable "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [sentencing] factors." *Id.* at 1190 (quotation omitted).

The district court sentenced Walker to 60 years' imprisonment. The Guidelines range for his offenses had been calculated as life imprisonment. *See* U.S.S.G. ch. 5, pt. A. But § 2251(e) capped his sentence at 60 years' imprisonment, and that maximum became the Guidelines recommendation as well. *See* 18 U.S.C. § 2251(e); U.S.S.G. § 5G1.2(b). Because the sentence imposed is within the Guidelines recommendation, we start with the presumption that it is reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007).

Nothing Walker raises persuades us to depart from that presumption. Walker mainly contends that his conduct was not serious enough to merit the maximum sentence because he did not physically molest the girls. As the district court recognized, though, "just because [he] didn't physically touch them, does not

mean that they are not as damaged as if [he] had." The court reflected on letters from girls depicted in the videos, and noted that they "are very similar" to letters "from children that have been physically touched in terms of the psychological damage that's done to them and the violation that they feel that they have and the humiliation that they've gone through." We cannot fault the court for not departing from the Guidelines sentence simply because Walker violated the girls without touching them. Walker also points to hardship he experienced as a child. But the district court explicitly considered those difficulties before deciding to nonetheless impose the Guidelines sentence.

Walker has identified defendants who received far less than the Guidelines sentence for their child-pornography offenses. But his sentence is not unusual enough to be substantively unreasonable. Indeed, we recently upheld a similar maximum sentence (there, 1440 months) where a court had "thoroughly discussed" the defendant's "particularly heinous conduct and direct participation in the creation of child pornography, his breach of public trust as a police officer, and his total failure to take responsibility for his actions." *United States v. Kirby*, 938 F.3d 1254, 1259 (11th Cir. 2019). Much of the same applies here. As the district court explained, Walker's conduct was "[b]eyond serious" because he exploited his position as a custodial worker to abuse girls, destroying their sense of safety and privacy by capturing videos of them in a bathroom.

21-13403                Opinion of the Court                9

He also expressed little remorse, and even seemed to push blame onto the girls he victimized. *See United States v. Feldman*, 931 F.3d 1245, 1264 (11th Cir. 2019). Walker told the court at sentencing that he was "sure that even [his] accusers themselves have veered off course if not once but multiple times, but still the community can and should be able to look forward and trust even them in the future." He then offered "congratulations" to the court for succeeding at "tak[ing] time away from him," and noted that its efforts would "continue to ensure [his] humiliation until the end." Given the conduct underlying Walker's offenses and his statements at sentencing, the district court did not abuse its discretion in sentencing him to 60 years' imprisonment.

Walker's convictions and sentence are **AFFIRMED**.