[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10355

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERIC BRENES-COLON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00068-TPB-AAS-1

_____

Before LAGOA, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Brenes-Colon appeals his total sentence of 108 months' imprisonment for conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, possession with intent to distribute 500 grams or more of cocaine, and possession with intent to distribute MDMA. Brenes-Colon argues that the District Court plainly procedurally erred by relying on a clearly erroneous fact—its own statement that illegal drugs are "[t]he number one killer of Americans between 18 and 35"—to determine his sentence. Because Brenes-Colon has not shown that the District Court committed plain error, we affirm.

## I. Background

Brenes-Colon was arrested pursuant to an investigation into his co-conspirator for trafficking firearms and large quantities of powder cocaine, marijuana, and MDMA tablets. Brenes-Colon obtained kilogram quantities of cocaine from a source in Puerto Rico and provided it to his co-conspirator for further distribution. He also paid the co-conspirator to receive shipments of cocaine from Puerto Rico. Following controlled purchases of MDMA, marijuana, firearms, and cocaine, agents arrested the co-conspirator.

Brenes-Colon was living at the co-conspirator's apartment, and agents encountered him hurriedly walking away while they executed a search warrant. On his person, agents located 95 grams of cocaine and keys to the apartment. And in the apartment, agents

discovered 753.4 grams of marijuana, 580 grams of cocaine, 72.75 grams of MDMA, drug paraphernalia, a firearm, a large quantity of cash, and evidence that Brenes-Colon inhabited the dwelling.

Brenes-Colon was charged with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, possession with intent to distribute 500 grams or more of cocaine, and possession with intent to distribute MDMA.  He pleaded guilty to all three counts.  At sentencing, the District Court commented multiple times on the seriousness of Brenes-Colon's criminal activities due to the volume of illegal drugs which he trafficked.  This was problematic, according to the District Court, because "[t]he number one killer of Americans between 18 and 35 is not COVID or car crashes or suicide or heart attacks.  It's illegal drugs."  Accordingly, the Court sentenced Brenes-Colon to a sentence of 108 months' imprisonment, which was within the Guidelines range.

Brenes-Colon appeals that sentence, arguing the Court plainly procedurally erred by relying on this clearly erroneous statement while sentencing him.

## II. Standard of Review

Ordinarily, we review "the reasonableness of a sentence under an abuse-of-discretion standard." *United States v. Rodriguez*, 75 F.4th 1231, 1241 (11th Cir. 2023) (internal quotation marks omitted).  "But if a defendant fails to object at sentencing to the procedural reasonableness of the sentence imposed by the district court, [we] review[] for plain error." *United States v. Steiger*, 107 F.4th 1315, 1320 (11th Cir. 2024).  Because Brenes-Colon did not

object to his sentence below, we review the District Court's sentence for plain error. *See id.*

## III. Discussion

Brenes-Colon has not met his burden of showing the District Court committed error, much less plain error, in his sentencing. To establish plain error, Brenes-Colon must demonstrate that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014).

First, we are not persuaded that the District Court committed any error. The District Court illustrated, in the course of announcing its sentence of Brenes-Colon, the gravity of engaging in the illegal drug trade by observing that illegal drugs are "[t]he number one killer of Americans between 18 and 35" rather than more mundane causes such as "COVID or car crashes or suicide or heart attacks." Brenes-Colon argues that no facts or studies in the record support this statement, making it clearly erroneous and rendering his sentence procedurally unreasonable. *See United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). But the District Court was not required in sentencing to limit its institutional knowledge to the record. *See id.* at 1238. "There is no requirement that sentencing judges confine their considerations to empirical studies and ignore what they have learned from similar cases over the years." *Id.* Yet Brenes-Colon would have the District Court limit all of its sentencing considerations regarding the deadliness of illegal drugs to cited

empirical studies, despite the freedom of the District Court to draw on its "experience sentencing criminals . . . common sense and good judgment" when sentencing. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1265 (11th Cir. 2015).

We understand the District Court's observations as to the tragic effects of the illegal drug trade to be a result of its experience, common sense, and good judgment. This conclusion is supported by the Court's immediately preceding statement that large amounts of trafficked illegal drugs are "a problem, because drugs kill people." Moreover, the District Court's experience with drug trafficking is indicated by its comments during sentencing comparing the sentencing of "low-level guy[s]" engaged in drug trafficking to that of Brenes-Colon, who trafficked "a lot of cocaine." The absence of precise statistical evidence in the record supporting the District Court's statement does not overcome judicial common sense arising from the Court's experience and observations in criminal cases. *See Gall v. United States*, 552 U.S. 38, 53, 128 S. Ct. 586, 598 n.7 (2007) (noting that district courts have an institutional advantage in marshalling facts and judging their import at sentencing because of the number of sentences they impose annually). The data Brenes-Colon points to as controverting the Court's statement do not vitiate the Court's observations and transform them into reversible error.[1]

---

[1] Brenes-Colon's factual support for the proposition that the District Court's observation was clearly erroneous collates data across all age categories, not

And even if the District Court's statement constituted error, Brenes-Colon has not established that it was plain error. "An error is plain if the explicit language of a statute or rule or precedent from the Supreme Court or this Court directly resolves the issue and establishes that an error has occurred." *United States v. Boone*, 97 F.4th 1331, 1339 (11th Cir. 2024) (internal quotation marks omitted). No statute or rule directly establishes that the District Court's statement constituted error. Nor can we locate any controlling precedent to that effect. Rather, a court may rely on its own experience to note at sentencing the deadly effects of drugs on American adults. *See Shaw*, 560 F.3d at 1238; *United States v. Philidor*, 717 F.3d 883, 885–86 (11th Cir. 2013) (stating a district court may make inferences "based on common sense and ordinary human experience" at sentencing); *accord United States v. Cotchery*, 834 F. App'x 555, 558–59 (11th Cir. 2020) (affirming a sentence where the sentencing court commented on the dangerousness of the drugs at issue to the community without relying on evidence in the record).

Indeed, a district court's consideration of the factors listed in 18 U.S.C. § 3553(a) requires it to rely on its experience and judicial common sense in crafting appropriate sentences. In discharging its duty to impose a sentence, a sentencing court must consider "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)–(C). The former

---

the particular age range to which the District Court referred. These data do not statistically controvert the District Court's statement.

"involves an assessment of the seriousness of the offense and its relative incidence in the community" while the latter requires the court to "assess the potential seriousness" of further potential offenses. *United States v. Irey*, 612 F.3d 1160, 1238 (11th Cir. 2010) (Tjoflat, J., specially concurring in part and dissenting in part). The seriousness of an offense, its incidence in the community, and the potential seriousness of additional offenses commonly derive from a sentencing court's own experience and common sense. Thus, the District Court's statement, which could reasonably be drawn from its experience, common sense, and good judgment, accords rather than conflicts with the rules controlling sentencing.

Finally, Brenes-Colon cannot meet his burden of showing that any plain error affected his substantial rights. *See Boone*, 97 F.4th at 1339. For an error to affect substantial rights, it must have been prejudicial, meaning that it affected the outcome of the District Court proceedings. *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1170, 1778 (1993). A plain sentencing error affects the defendant's substantial rights when there is a reasonable probability that, but for the error, he would have received a lesser sentence. *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1190 (11th Cir. 2006).

Here, the District Court's comment about the deadliness of illegal drugs was only tangential to its overarching sentencing rationale. The District Court repeatedly pointed to the *volume* of Brenes-Colon's drug trade as the basis for his sentence, not the *deadliness* of the trafficked drugs. Thus, the Court began its list of negative factors affecting Brenes-Colon's sentence by pointing out

that "there was a lot of drugs here."  The Court's comment about the grave effects of Brenes-Colon's drugs turned on the risks of having a "large amount" or "large dollar value[] of drugs" in the community.  This volume separated Brenes-Colon from "a street-level dealer" because "he was operating at a higher level."  A smaller volume would have resulted in a five-year sentence rather than 108-months' imprisonment.  Indeed, the Court openly stated that it must give Brenes-Colon a more severe sentence "due to this volume" of drugs.  Accordingly, even absent the statement at issue we do not believe there is a reasonable probability that Brenes-Colon would have received a lesser sentence.  *See id.* at 1190.

### IV. Conclusion

Because Brenes-Colon has not shown the District Court committed plain error in his sentencing, we affirm the District Court's sentence.

**AFFIRMED.**