**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11316

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

GRENDEN JAMES JORDAN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:24-cr-00199-ECM-JTA-1

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Grenden Jordan appeals his sentence of 174 months' imprisonment for possessing a firearm as a felon, which constitutes a 37-

month upward variance. Jordan argues that his sentence is procedurally and substantively unreasonable because the district court based it on the clearly erroneous fact that Jordan injured someone with a gun. After careful review, we affirm the district court.

## I.

Jordan was arrested after a police officer saw him on a highway in Montgomery, Alabama, holding a semiautomatic, AR-15 style pistol with a 200-round magazine. Jordan's car had just been attacked in a drive-by shooting that injured a child. In the months before the shooting, Jordan had advertised his gang affiliation, the firearm, and his car on social media. As the officer approached Jordan's car, he saw Jordan throw the firearm away from the road. The officer instructed Jordan to get down, but Jordan ran away. Jordan was later apprehended.

Jordan had been convicted of several felonies, so he was indicted for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). A jury found him guilty.

The presentence investigation report assigned Jordan a criminal history category of V because of his prior convictions. *See* United States Sentencing Guidelines Manual § 4A1.1(c), Ch. 5, Pt. A, Sentencing Table. It gave him a base offense level of twenty-two under U.S.S.G. § 2K2.1(a)(3) because he had committed a first-degree assault, his pistol was semi-automatic, and his pistol could accept a large capacity magazine. The report then increased his offense level to twenty-four under U.S.S.G. § 2K2.1(b)(1)(A) because

his offense involved three firearms. And it further increased his offense level to twenty-six under U.S.S.G. § 3C1.1 because Jordan had lied under oath during his trial. Because he had a total offense level of twenty-six and a criminal history category of V, the guidelines recommended a sentencing range of 110 to 137 months. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table.

At sentencing, the district court acknowledged this guidelines range. But the court varied upwards to a 174-month sentence based on the sentencing factors in 18 U.S.C. § 3553(a). Examining Jordan's history and characteristics, the court explained that his positive attributes were outweighed by his past choices to shoot someone in a restaurant, break into people's homes, and rob people. *See* 18 U.S.C. § 3553(a)(1). It further explained that his positive attributes were outweighed by the nature and circumstances of his present offense. *See id.* The court reasoned that Jordan "hurt[] innocent people on Atlanta Highway in broad daylight" by "having someone shoot at [him]" and injure a child. Doc. 125 at 46–47. He also threw an illegal gun into the air in a crowded area and ignored police instructions. The court concluded that these actions demonstrated no regard for human life.

Further, the court concluded that an upward variance was necessary to protect the public, provide adequate deterrence, and reflect the seriousness of his offense. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). His prior sentences had failed to deter escalating criminal conduct. And his current offense was serious because he knowingly

and illegally possessed a dangerous weapon with a large-capacity magazine.

The district court twice acknowledged that Jordan did not fire his weapon when he was fired upon in the drive-by shooting. And it acknowledged the need to avoid unwarranted sentencing disparities. But the court concluded that Jordan's case still warranted varying upwards to a 174-month sentence. *See* 18 U.S.C. § 3553(a)(6). Jordan objected to his sentence going above the guidelines but did not object to the procedural reasonableness of his sentence. He timely appealed.

## II.

We start with Jordan's argument that his sentence was procedurally unreasonable because the district court based his sentence on the clearly erroneous fact that he injured someone with a gun. Jordan did not object to the procedural reasonableness of his sentence, so we review for plain error. *United States v. Brenes-Colon*, 136 F.4th 1343, 1345 (11th Cir.), *cert. denied*, 146 S. Ct. 346 (2025). To establish plain error, Jordan must prove (1) that the district court erred; (2) that its error was plain; and (3) that its error affected his substantial rights. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Jordan fails at step one.

Jordan argues that the district court procedurally erred by selecting a sentence based on the erroneous fact that he injured someone with his gun, but Jordan misunderstands the district court's reasoning. A district court procedurally errs by selecting a sentence based on clearly erroneous facts. *Gall v. United States*, 552

U.S. 38, 51 (2007). But the district court did not erroneously conclude that Jordan injured anyone with his gun. It acknowledged—twice—that Jordan did not fire his gun. And it reasoned that his 174-month sentence was appropriate "specifically t[aking] into consideration the fact that [he] did not fire" his weapon. Doc. 125 at 55. Instead, the district court concluded that he "hurt[] innocent people on Atlanta Highway" by "having someone shoot at [him]"—not by returning fire. *Id.* at 46.

That conclusion was not clearly erroneous because sufficient evidence supports it. Facts are clearly erroneous only if they leave us with a "definite and firm" conviction that a mistake has been committed based on the entire evidence. *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011). Here, the evidence does not leave us with that conviction. The record reflects that Jordan is in a gang. In the months before the shooting, Jordan advertised his gang membership on social media and posted multiple images of himself beside the car that was attacked in the drive-by shooting. Shortly before the shooting, he also posted multiple images of himself with the firearm that he illegally possessed during the shooting. In light of this evidence, we cannot say that the district court clearly erred by concluding that Jordan contributed to the dangerous circumstances surrounding his offense.

## III.

We turn to Jordan's argument that his sentence is substantively unreasonable because the district court gave significant weight to its erroneous finding that he fired his gun and harmed

bystanders. We review the substantive reasonableness of Jordan's sentence for abuse of discretion. *United States v. Trader*, 981 F.3d 961, 966 (11th Cir. 2020). Jordan bears the burden of establishing that his sentence is unreasonable in light of the facts of his case and the section 3553(a) factors. *Id.* He can succeed by, as relevant here, proving that the district court gave significant weight to an "improper or irrelevant" factor or committed a clear error of judgment in considering the proper factors. *United States v. Kirby*, 938 F.3d 1254, 1258 (11th Cir. 2019). But he fails to make either showing.

As we explained above, the district court did not conclude that Jordan harmed bystanders by firing his gun. And the conclusion that it did reach—that Jordan was partially responsible for the dangerous circumstances at the shootout—was not clearly erroneous.

Nor does Jordan establish that the district court clearly erred in considering the proper factors. A district court clearly errs in weighing the section 3553(a) factors only if it leaves us with a "definite and firm conviction" that it arrived at an unreasonable sentence in light of the facts of the case. *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021). Here, the district court thoroughly explained why the section 3553(a) factors—including the nature and circumstances of Jordan's offense; his history and characteristics; the seriousness of his offense; and the needs to promote respect for the law, provide just punishment, implement adequate deterrence, and protect the public—justified Jordan's sentence. It emphasized that Jordan has repeatedly demonstrated no regard for human life,

has been undeterred by past punishment, and has escalated his conduct over time. In light of this analysis and the facts of the case, we are not left with a "definite and firm" conviction that Jordan's sentence is unreasonable.

## IV.

We **AFFIRM** Jordan's sentence of 174-months' imprisonment for possessing a firearm as a felon.